UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| YOLANDA B. ACKER, | ) | 3:18-cv-1844 (KAD) |
| --- | --- | --- |
| *Plaintiff,* | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| STEPHEN KING, | ) | April 10, 2019 |
| *Defendant.* | ) | |

**MEMORANDUM OF DECISION RE:
DEFENDANT'S MOTION TO DISMISS (ECF NO. 13)**

Kari A. Dooley, United States District Judge

**Preliminary Statement of the Case**

The Plaintiff, Yolanda Acker, proceeding *pro se*, brings this action against the Defendant, Stephen King, alleging that the Defendant engaged in copyright infringement in the writing and publishing of *Dr. Sleep*. The action was brought in the Superior Court for the State of Connecticut but removed to this Court on November 9, 2018. The Plaintiff also asserted these claims in a matter previously removed to this Court. *See Acker v. King*, Civ. No. 13-cv-1717 (AWT) ("*King I*" or "the prior action"). Judge Thompson dismissed the Plaintiff's prior action on September 24, 2015, *see Acker v. King,* 46 F.Supp.3d 168 (D. Conn. 2014), *appeal dismissed*, 14-3908 (2d Cir. Feb. 26, 2015). The Defendant filed the instant motion to dismiss (or in the alternative, for summary judgment), contending, principally, that this action is barred by the doctrine of *res judicata*. (ECF No. 13.) The Plaintiff did not submit an opposition to the motion, but rather filed a "Motion to Request Jury Trial," in which she states that her "previous case five years ago was ruled erroneously" and that she "would like a fair trial to prove my evidence as a Genuine Issue of

Material Fact." (ECF No. 18, ¶ 1.) For the following reasons, the Defendant's Motion to Dismiss is **GRANTED**.[1]

**Standard of Review**

When considering a motion to dismiss under Rule 12(b)(6), the Court "draw[s] all reasonable inferences in Plaintiff's favor, assume[s] all well-pleaded factual allegations to be true, and determine[s] whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). A plaintiff is entitled to relief if she alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) ("While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to nudge plaintiff's claims across the line from conceivable to plausible." (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 570)). "[C]ourts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks omitted) (citing *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)). That said, the Court is not bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (internal quotation marks omitted).

A defendant may raise a res judicata defense under Rule 12(b)(6) when the motion is limited to consideration of the plaintiff's complaint, documents attached or incorporated therein,

---

[1] Because the prior action precludes the instant action, the Court need only consider Rule 12(b)(6), and not Rule 56, in resolving the Defendant's motion.

2

and "materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.,* 758 F.3d 493, 498 (2d Cir. 2014) (citing *Day v. Moscow,* 955 F.2d 807, 811 (2d Cir. 1992)); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (noting that a court may consider a document "incorporated by reference," or when a complaint "relies heavily upon its terms and effects," which renders the document "integral to the complaint") (citations omitted); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) (noting that a court may rely on "matters of public record" in deciding a motion to dismiss under Rule 12(b)(6)). When the Court takes judicial notice of such documents, it does so "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.,* 937 F.2d 767, 774 (2d Cir. 1991). Therefore, the Court takes judicial notice of the entire file in *Acker v. King*, Civ. No. 13-cv-1717 (AWT).

**Factual Allegations**

In the present action, the Plaintiff alleges that the Defendant "willfully stole" pieces of her story from a copy of a manuscript which she claims to have sent him in 2012 seeking his critique. She asserts that he used her name and her character in his book *Dr. Sleep*. She further alleges that the Defendant "addressed to the court in a previous claim that he did not know me, if so then it must be a mere coincidence that my name was used in his Book 'Dr. Sleep' (page 514). As well as one of my characters from my manuscript named 'Jessica' on page 205." She asserts that she believes Judge Thompson wrongly decided the prior action and that all of her evidence was ignored.

**Discussion**

Even though the doctrine of *res judicata* is oft raised as an affirmative defense, it can be asserted in a Rule 12(b)(6) motion if it is clear from the face of the complaint that the Plaintiff's

claims are barred by the doctrine. *See Moscow,* 955 F.2d at 811. The doctrine of *res judicata* "applies to repetitious suits involving the same cause of action." *Commissioner v. Sunnen,* 333 U.S. 591, (1948). "It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations." *Id.* Under the doctrine of *res judicata,* a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action," *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, (1981), and constitutes an absolute bar "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose," *SEC v. First Jersey Secs., Inc.*, 101 F.3d 1450, 1463 (2d Cir. 1996) (quoting *Nevada v. United States*, 463 U.S. 110, 129-30 (1983)). *See also Liona Corp. v. PCH Assocs.*, 949 F.2d 585, 594 (2d Cir. 1991) ("Res judicata, or claim preclusion, precludes a litigant from advancing in a new action all claims or defenses that were or could have been raised in a prior proceeding in which the same parties or their privies were involved and that resulted in a judgment on the merits."); *Clarke v. Frank*, 960 F.2d 1146, 1150 (2d Cir. 1992) (same); *N.L.R.B. v. United Technologies Corp.*, 706 F.2d 1254, 1259 (2d Cir. 1983) (same).

A party asserting the doctrine of *res judicata* must establish that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.,* 214 F.3d 275, 285 (2d Cir. 2000). All conditions must be met for claim preclusion to apply.

The first question is whether Judge Thompson's decision dismissing the prior action was a final adjudication on the merits. Generally, "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Moitie,* 452 U.S. at 399 n.3 (citing

*Angel v. Bullington*, 330 U.S. 183, 190 (1947); *Bell v. Hood*, 327 U.S. 678, (1946)). In the prior action, Judge Thompson granted the Defendant's motion to dismiss but not before reading the Plaintiff's manuscript as well as *Dr. Sleep*. Judge Thompson then undertook a searching analysis of both works and concluded:

> [T]he similarities between Haunting and Doctor Sleep, i.e. a young girl with psychic abilities who uses her abilities to save people in a New England town, are all unprotectible ideas. Even if they are protectible, it is apparent that the defendant's particular expression of these ideas in Doctor Sleep is not at all similar, much less substantially similar, to the plaintiff's expression of them in Haunting. Therefore, the plaintiff's Amended Complaint, together with the works incorporated therein, do not plausibly give rise to an entitlement to relief, so the motion to dismiss the plaintiff's copyright infringement claim is being granted.

*King I*, 46 F.Supp.3d at 175-76. The first requisite of a *res judicata* defense is therefore satisfied.

With respect to the second requirement, there is no question that the parties to this action and the prior action are identical.

Last is the question of whether the causes of action are the same for *res judicata* purposes. The test is "whether a different judgment in the second action would impair or destroy rights or interests established by the judgment entered in the first action, whether the same evidence is necessary to maintain the second cause of action as was required in the first, and whether the essential facts and issues in the second were present in the first." *Herendeen v. Champion Intern. Corp.*, 525 F.2d 130, 134 (2d Cir. 1975) (footnotes omitted); *see also Tucker v. Arthur Andersen & Co.*, 646 F.2d 721, 727 (2d Cir. 1981) (same). "[W]hatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed duplicative for purposes of res judicata." *Berlitz Schs. Of Languages of Am., Inc. v. Everest House*, 619 F.2d 211, 215 (2d Cir. 1980). "It is this identity of facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which [the Plaintiff] chose to frame [her]

5

complaint." *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 39 (2d Cir. 1992), *cert. denied*, 506 U.S. 1053 (1993).

The Court has reviewed the Complaint in this action, the Amended Complaint in the prior action, as well as Judge Thompson's decision dismissing the prior action. The factual predicate of the claims asserted in this action are not only "substantially" identical to those that were asserted in the prior action, they are, arguably, entirely identical. *Compare Acker v. King*, 17-cv-1717 (AWT), (ECF No. 27), *with Acker v. King*, 18-cv-1844 (KAD), (ECF No. 1-1). In the prior action, the Plaintiff alleged that she submitted her manuscript to the defendant in March 2012 and later came to believe that the Defendant willfully stole her main character to finish off his story *Dr. Sleep*. In the present action, the Plaintiff alleges that "[t]he Defendant Stephen King willfully stole peices (sic) of my story from a copy of my manuscript I sent him in 2012 to critique. He then used my name as well as my character in his book 'Dr. Sleep.'" (ECF No. 1-1, ¶ 2). Indeed, the Plaintiff refers to her complaint in this action as a "motion to revive judgment" (*id.*, ¶ 1) and asserts that she believes that Judge Thompson wrongly decided these issues. However, her dissatisfaction or disagreement with the prior judgment is not a basis on which the Plaintiff can sidestep the prior action's preclusive effect.

Because the Defendant has demonstrated all three requirements necessary for a finding of *res judicata,* the motion to dismiss the complaint pursuant to Rule 12(b)(6) must be granted.

For all of the foregoing reasons, the Defendant's Motion to Dismiss (ECF No. 13) is **GRANTED**. The Clerk is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of April 2019.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE